IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE

LARRY MOORE,  )
 )
       Plaintiff,  )
 )
v.  )  No. 14-1123-T
 )
COMMISSIONER OF  )
SOCIAL SECURITY,  )
 )
       Defendant.  )

ORDER AFFIRMING DECISION OF COMMISSIONER

Plaintiff has filed this action to obtain judicial review of Defendant Commissioner's final decision denying his application for disability insurance benefits under Title II of the Social Security Act ("Act") and an application for supplemental security income ("SSI") benefits based on disability under Title XVI of the Act. Plaintiff's applications were denied initially and upon reconsideration by the Social Security Administration. Plaintiff then requested a hearing before an administrative law judge ("ALJ"), which was held on November 27, 2012.

On December 27, 2012, the ALJ issued a decision, finding that Plaintiff was not entitled to benefits. The appeals council affirmed the ALJ's decision. This decision became the Commissioner's final decision. Plaintiff filed this action, requesting reversal of the decision of the Commissioner or a remand. For the reasons set forth below, the decision of the Commissioner is AFFIRMED.

Pursuant to 42 U.S.C. § 405(g), a claimant may obtain judicial review of any final decision made by the Commissioner after a hearing to which he was a party. "The court shall have the power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." Id. The court's review is limited to determining whether or not there is substantial evidence to support the Commissioner's decision, 42 U.S.C. § 405(g), and whether the correct legal standards were applied. See Lindsley v. Commissioner, 560 F.3d 601, 604–08 (6th Cir. 2009); Kyle v. Commissioner, 609 F.3d 847, 854 (6th Cir. 2010).

The Commissioner, not the court, is charged with the duty to weigh the evidence, to make credibility determinations and resolve material conflicts in the testimony, and to decide the case accordingly. See Bass v. McMahon, 499 F.3d 506, 509 (6th Cir. 2007). When substantial evidence supports the Commissioner's determination, it is conclusive, even if substantial evidence also supports the opposite conclusion. See Foster v. Halter, 279 F.3d 348, 353 (6th Cir. 2001); Mullen v. Bowen, 800 F.2d 535, 545 (6th Cir. 1986).

Plaintiff was born on March 8, 1955. R. 93-96. He has a twelfth grade education. He alleges that he became disabled beginning June 3, 2011, R. 20, 93, due to back and shoulder problems. R. 148.

The ALJ enumerated the following findings: (1) Plaintiff met the disability insured status requirements through December 31, 2015; (2) Plaintiff has not engaged in substantial gainful activity since the alleged onset of disability; (3) Plaintiff has severe impairments of

2

lumbar degenerative disc disease, very mild degenerative arthritis in his right shoulder, and a torn labrum; however, he does not have impairments, either alone or in combination, that meet or equal the requirements of any listed impairment contained in 20 C.F.R. pt. 404, subpt. P, app. 1 of the listing of impairments; (4) Plaintiff has the residual functional capacity to perform medium work except he can do only frequent, rather than unlimited, overhead reaching with either upper extremity (5) Plaintiff's residual functional capacity does not preclude performance of his past relevant work as a truck driver; (6) Plaintiff was not under a "disability" as defined in the Act at any time through the date of this decision.

The Social Security Act defines disability as the inability to engage in substantial gainful activity. 42 U.S.C. § 423(d)(1). The claimant bears the ultimate burden of establishing an entitlement to benefits. Born v. Secretary, 923 F.2d 1168, 1173 (6th Cir. 1990). The initial burden of going forward is on the claimant to show that he is disabled from engaging in his former employment; the burden of going forward then shifts to the Commissioner to demonstrate the existence of available employment compatible with the claimant's disability and background. Id.

The Commissioner conducts the following, five-step analysis to determine if an individual is disabled within the meaning of the Act:

> 1. An individual who is engaging in substantial gainful activity will not be found to be disabled regardless of medical findings.
>
> 2. An individual who does not have a severe impairment will not be found to be disabled.

3. A finding of disability will be made without consideration of vocational factors, if an individual is not working and is suffering from a severe impairment which meets the duration requirement and which meets or equals a listed impairment in Appendix 1 to Subpart P of the regulations.

4. An individual who can perform work that he has done in the past will not be found to be disabled.

5. If an individual cannot perform his or her past work, other factors including age, education, past work experience and residual functional capacity must be considered to determine if other work can be performed.

20 C.F.R. § 404.1520(a)(4); Howard v. Commissioner, 276 F.3d 235, 238 (6th Cir. 2002). Further review is not necessary if it is determined that an individual is not disabled at any point in this sequential analysis. 20 C.F.R. § 404.1520(a). Here, the sequential analysis proceeded to the fourth step. The ALJ found that Plaintiff could perform his past relevant work as a truck driver.

Plaintiff argues that substantial evidence does not support the decision of the ALJ, particularly in regard to the weighing of the medical opinion sources. Plaintiff's argument is not persuasive.

The ALJ found Plaintiff's allegations to be inconsistent with the record as a whole, including his medical treatment, the other medical evidence, and his part-time work. An ALJ's credibility determination is entitled to great weight and deference; review is limited to determining whether the ALJ's reasons for discrediting the allegations are reasonable and supported by substantial evidence in the record. See Schmiedebusch v. Commissioner, 536 Fed.Appx. 637 (6th Cir. 2013).

In reaching his decision, the ALJ looked at Plaintiff's medical treatment. At his chiropractic treatment in May 2011, Plaintiff reported that he had improved, and he was released to work with no restrictions. R. 268. Plaintiff alleged that he became disabled on June 3, 2011, but he sought no medical treatment after that date. R. 33, 268. See Helm v. Commissioner, 405 Fed.Appx. 997, 1001 (6th Cir. 2011) (Modest treatment is "inconsistent with a finding of total disability."). He was not seen by any other medical professional until September 2011 for a consultative examination. R. 271. He was examined again in October 2012. R. 291. Plaintiff's medical records after his alleged onset date consist only of examinations for the purpose of determining his eligibility for disability benefits and none for the purpose of treatment.

Additionally, while Plaintiff alleges disabling pain, he received no medication for his impairments. R. 163, 174, 193, 271. See Branon v. Commissioner, 539 Fed.Appx. 675, 678 (6th Cir. 2013) (Plaintiff relied on over-the-counter medications).

Plaintiff argues that his lack of treatment is because he did not have medical insurance. However, there is no evidence that he ever sought treatment offered to indigents or was denied medical treatment due to an inability to pay. See e.g., Goff v. Barnhart, 421 F.3d 785, 793 (8th Cir. 2005) ("However, there is no evidence Goff was ever denied medical treatment due to financial reasons."); Riggins v. Apfel, 177 F.3d 689, 693 (8th Cir. 1999) (Plaintiff's claim, that he could not afford medication, is inconsistent with the fact that he did not seek any treatment offered to indigents, nor did he choose to forgo smoking three

packages of cigarettes each day to help finance pain medication). Accordingly, the ALJ properly looked at Plaintiff's lack of treatment as a credibility factor.

Moreover, while Plaintiff alleged disabling back pain, he exhibited normal gait, full strength, intact sensation, and no motor or sensory deficits. R. 243, 273. A shoulder MRI revealed "minimal" tendonitis and "mild" degenerative joint disease. R. 271. Thus, the ALJ properly found the objective evidence to be inconsistent with Plaintiff's allegations.

Plaintiff's part-time work was also inconsistent with his allegations. While Plaintiff alleged disability since June 2011, he continued to work part-time after his alleged onset date. R. 33, 43, 111, 115-16, 178, 291. He worked eight to ten hours in a day without special work conditions. R. 46, 178. An ALJ may consider an individual's work during a period of time in which he was alleging disability. See Miller v Commissioner, 524 Fed.Appx. 191, 194 (6th Cir. 2013) ("Further, the ALJ did not err by considering Miller's ability to maintain part-time employment as one factor relevant to the determination of whether he was disabled.") (citing 20 C.F.R. §§ 404.1529(c)(3), 404.1571, 416.929(c)(3), 416.971).

In September 2011, Stephen Goewey, M.D., performed a consultative examination and opined that Plaintiff had no limitations in sitting, standing, and walking and could lift twenty-five pounds occasionally and fifteen pounds frequently. R. 273. The ALJ found Dr. Goewey's opinion too restrictive regarding Plaintiff's ability to lift because it was inconsistent with the clinical findings and the lack of ongoing treatment. While Dr. Goewey opined that Plaintiff could lift twenty-five pounds, his physical examination revealed that Plaintiff retained full strength. R. 23. As such, the ALJ found the limitation entitled to

minimal weight. However, the residual functional capacity finding was consistent with Dr. Goewey's opinion that Plaintiff had no limitations in sitting, standing, and walking. R. 273.

Plaintiff was evaluated by Stanley King, P.A., in October 2012. R. 291-300. Mr. King opined that Plaintiff could lift less than ten pounds occasionally and less than five pounds frequently, sit for five hours in an eight-hour workday, and stand/walk for three hours in an eight-hour workday. R. 295-96. The ALJ found Mr. King's opinion to be inconsistent with the mild findings and limited medical treatment in the record.[1] As noted above, the medical records show that Plaintiff had minimal tendonitis and mild degenerative joint disease. R. 271. Further, he retained a normal gait, full strength, intact sensation, and no motor or sensory deficits. R. 272-73. The opinion was also inconsistent with Plaintiff's part-time work. R. 25, 33, 43, 111, 115-16, 178, 291.

In October 2011, Kanika Chaudhuri, M.D., reviewed the medical records, including Dr. Goewey's opinion, and opined that Plaintiff could lift fifty pounds occasionally and twenty-five pounds frequently. R. 275, 280-81. Dr. Chaudhuri found that Plaintiff's complaints were disproportionate to the medical findings. R. 280-81. In December 2011, William Downey, M.D., reviewed the medical records and affirmed Dr. Chaudhuri's findings that Plaintiff could perform a range of medium work. R. 283. The ALJ properly accepted the state agency medical consultants' opinions because they were consistent with the medical evidence and Plaintiff's limited treatment, even though the subsequent evidence suggested

---

[1] As noted by the ALJ, Volker Winkler, M.D., co-signed Mr. King's opinion, but there was no indication that Dr. Winkler examined Plaintiff. R. 25.

fewer limitations. See Gustafson v. Commissioner, 550 Fed.Appx. 288, 289 (6th Cir. 2014) (finding that the ALJ may consider the opinions of non-examining state agency medical consultants).

At step four of the sequential analysis, the ALJ compares the claimant's residual functional capacity with the requirements of the claimant's past work. 20 C.F.R. §§ 404.1520(e), 404.1560(b); see also Social Security Ruling 82-62, 1982 WL 31386, *3 (S.S.A.). Past relevant work is, generally, a job that was performed within the last fifteen years, performed long enough to learn how to perform the job, and was substantial gainful activity. 20 C.F.R. § 404.1565(a). If the past job did not require the claimant to perform activities in excess of the claimant's residual functional capacity, the claimant will be found not disabled. 20 C.F.R. §§ 404.1520(e), 404.1560(b), 404.1561. A claimant must prove that he is unable to return to his past relevant work either as he performed that work or as that work is generally performed in the national economy. Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987).

In the present case, Plaintiff has failed to carry his burden of proof. Plaintiff's past relevant work as a truck driver (Dictionary of Occupational Titles: 905.663-014) was performed at the medium exertional level. The ALJ found that Plaintiff retained the ability to perform the job as he performed the job and as it was performed in the national economy. See Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987); Smith v. Secretary, 893 F.2d 106, 108 (6th Cir. 1989). An ALJ may rely on the DOT to determine the demands of a claimant's past relevant work as it is generally performed in the national economy. See 20 C.F.R. §§

404.1560(b)(2), 416.960(b)(2); SSR 82-61 . Thus, the DOT provides substantial evidence to support the ALJ's finding that Plaintiff could perform his past relevant work.

When the ALJ determines that Plaintiff can perform past relevant work at step four of the sequential evaluation, the disability determination ends and consideration of whether Plaintiff can perform other work at step five of the evaluation is unnecessary. 20 C.F.R. § 404.1560(b). Therefore, the decision of the Commission is AFFIRMED. The clerk is directed to enter judgment accordingly.

IT IS SO ORDERED.

 s/ **James D. Todd**
JAMES D. TODD
UNITED STATES DISTRICT JUDGE